47 F.3d 1156
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY, Plaintiff, Appellee,
v.
Leo H. CHEEVER, ETC., Defendant, Appellee.
John Doe, Etc., Intervenor, Appellant.
 No. 94-1825.
 United States Court of Appeals,
First Circuit.
 Feb. 21, 1995.
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Joseph A. DiClerico, Jr., U.S. District Judge ]
 Geoffrey P. Lynch for intervenor-appellant.
 Kevin C. Devine, with whom Devine & Nyquist was on brief, for plaintiff-appellee.
 Before SELYA and BOUDIN, Circuit Judges, and CARTER,* District Judge.
 PER CURIAM.
 
 
 1
 In Burnham v. Guardian Life Ins. Co. of Am., 873 F.2d 486 (1st Cir. 1989) we wrote:
 
 
 2
 This is a hard case-hard not in the sense that it is legally difficult or tough to crack, but in the sense that it requires us, like the court below, to deny relief to a [party] for whom we have considerable sympathy. We do what we must, for "it is the duty of all courts of justice to take care, for the general good of the community, that hard cases do not make bad law." United States v. Clark, 96 U.S. 37, 49 (1877) (Harlan, J., dissenting) (quoting Lord Campbell in East Indian Co. v. Paul, 7 Moo. P.C.C. 111).
 
 
 3
 Id. at 487. These words are equally applicable here.
 
 
 4
 We have read the record, studied the briefs, entertained oral argument, considered the parties' contentions, and examined the New Hampshire precedents that necessarily direct our disposition in this diversity case. When all is said and done, we do not believe that we can improve measurably on the district court's lucid exposition of the governing law, or that any useful purpose would be served by issuing a full-length opinion that merely recasts the district court's thesis in our own words. Consequently, we summarily affirm the judgment below, see 1st Cir. R. 27.1, for substantially the reasons set forth in the district court's orders dated May 12, 1994, and June 27, 1994, respectively.
 
 
 5
 We add two brief comments. First, we think that this case is clearly controlled by the New Hampshire Supreme Court's determination in Vermont Mut. Ins. Co. v. Malcolm, 517 A.2d 800 (N.H. 1986), which we read as holding unequivocally, on policy language that is identical in every material respect to the language here at issue, that perpetrating a sexual assault on a minor is an inherently injurious act falling outside the purview of the insurance coverage afforded by a homeowner's policy. See id. at 802. Second, we do not believe that the New Hampshire Supreme Court's recent decision in Providence Mut. Fire Ins. Co. v. Scanlon, 638 A.2d 1246 (N.H. 1994), casts any legitimate doubt upon either the authoritativeness or the continued vitality of the holding in the earlier Vermont Mut. case.
 
 
 6
 We need go no further. The judgment below is summarily Affirmed.
 
 
 
 *
 Chief Judge, U.S. District Court for the District of Maine, sitting by designation